## BRYAN PHILPOT *et al.*

### *v.*

### ABNER TAYLOR.

1. CASE — *lies for damages growing out of an illegal or wrongful act.* Whoever does an illegal or wrongful act is answerable for all the consequences in the ordinary and natural course of events, though these consequences be directly brought about by the intervening agency of others, provided the intervening agencies were set in motion by the primary wrong-doer, or provided the immediate acts causing the damage are the necessary or legal and natural consequence of the original wrongful act.

2. SAME — *lies for selling land of another without authority.* Where a party, falsely pretending to be the agent of the owner of land to sell the same, executes a contract for its sale, which is recorded, and upon which the purchaser brings suit for a specific performance, whereby the owner is put to trouble and expense in defending the same, such pretended agent will be liable to the owner in an action on the case for the damages sustained by him in defending the suit.

3. EVIDENCE — *declarations of parties in collusion to defraud, admissible — other party combining with him.* In a suit against a party for falsely assuming to be the plaintiff's agent to sell land and making a sale thereof, where the facts show a combination or collusion between the defendant and the purchaser to effect a common purpose, the declarations of the purchaser are admissible against the defendant, though not made in his presence.

4. PRACTICE — *reading law in presence of jury.* On the trial of an action on the case the plaintiff's counsel was about to read to the jury a part of an opinion of this court, and on objection by the defendant, the plaintiff's counsel said he would read it for the benefit of the court, and did so read it: *Held,* that this was improper and should not have been permitted, as the jury can receive the law only from the judge, and in the form of written instructions.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. GRANT & SWIFT, and Mr. H. S. MONROE, for the appellants.

Messrs. Ayer & Kales, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was case, in the Superior Court of Cook county, by Abner Taylor, against Bryan Philpot and Henry E. Pickett, for falsely pretending to be the agents of plaintiff to sell certain real estate belonging to him, in the city of Chicago, and, under that pretense, entering into a contract with one Merrill to sell the premises to him, which contract they caused to be recorded in the proper office in Cook county, and to enforce which, Merrill filed a bill in chancery against the plaintiff, by means whereof plaintiff was put to great charges and expenses in defending the same, and for attorneys' fees on appeal, and for printing abstracts and briefs, to his damage five thousand dollars.

The cause was tried by a jury on the general issue, resulting in a verdict for the plaintiff for fourteen hundred sixty seven dollars sixty-three cents. A motion for a new trial was denied, and judgment rendered on the verdict, to reverse which, defendants appeal, and raise several questions, all of which we have considered.

Appellants make the point that the action cannot be maintained, because the damage complained of is too remote from the alleged cause.

Many authorities are cited on this point, which do not seem to have any direct bearing on the proposition arising out of the facts of this case.

It is argued it did not follow, by means of making the contract complained of, that Merrill would institute suit for a specific performance. This, in the ordinary course of business, was reasonably to have been expected; and defendants are charged with placing it in the power of Merrill to bring such action, to defend against which, heavy expenses were incurred. This is the very *gist* of this action.

The rule, as found in the text-books, is, that whosoever

does an illegal or wrongful act is answerable for all the consequences in the ordinary and natural course of events, though these consequences be directly brought about by the intervening agency of others, provided the intervening agents were set in motion by the primary wrong-doer; or, provided their acts, causing the damage, were the necessary or legal and natural consequence of the original wrongful act.

Here, Merrill was the intervening agent, who was set in motion by these pretended agents—the appellants, the original and primary wrong-doers. Had they not given the contract, there would have been no chancery suit, by Merrill, to compel performance. A case is referred to from 30 Law Journal, Queen's Bench, 137, *Dixon* v. *Fourcoy*, where it was held, if the natural result of a wrongful act, committed by a defendant, has been to plunge the plaintiff into a chancery suit, and thereby to cause him to incur costs and expenses, whatever may be the event of the suit, there is that conjunction of wrong and damage which will give the plaintiff good cause of action.

But we need not go beyond our own court for authority on this point. In *McEwen* v. *Kerfoot*, 37 Ill. 530, which was assumpsit by Kerfoot against McEwen, to recover his commissions on a sale of land made by plaintiff for defendant, and at his request, the special plea sought to set off and liquidate damages arising out of the subject matter of the suit, growing out of the alleged fact of want of authority in the agent to make the contract, and thereby embarrass his principal by giving the purchaser a written contract, to be reduced to record, and drawn upon a basis which his principal had refused to accept. It was held that the principal had the right to set off any damages he incurred in consequence of the execution of the written contract, against the claim set up by the agent for his commissions in making the sale, after he was advised his principal had repudiated the sale.

To the same effect is *Himes* v. *Keighblingher*, 14 Ill. 469. Here, as in that case, the declaration counts upon a malfeasance, for an affirmative wrongful act. It is for the tortious act of

defendants, and to recover for the trouble and expenses necessarily incurred to get rid of the effects of this audacious act. It cannot be said these expenses were not the reasonable result of defendants' conduct.

The next point made by appellants is, that incompetent and irrelevant testimony was admitted on behalf of appellee.

This is based, mainly, on the fact that declarations of Merrill, in regard to the transaction, made not in the presence of appellants, went to the jury.

We see nothing wrong in this, as the circumstances attending the transaction tended to show a combination or collusion between appellants and Merrill, to effect the purpose which was consummated by the execution of the written contract to Merrill, and placing the same on record. We see no error in admitting any of the documentary or other evidence offered by appellee.

The next point made is, giving instructions for the plaintiff, and refusing and modifying instructions asked by defendants.

We have considered the instructions with care, and do not find they are obnoxious to any of the criticisms of appellants; nor can we see the court improperly modified the defendants' instruction. It was clearly proper for the court to strike out the words "express or implied," as, by leaving them in the instruction, the jury might be confused and misled; the word "contract" was all-sufficient.

A minor point is made, that the court permitted plaintiff's counsel to read to the jury a part of the opinion of this court in the chancery cause of *Taylor* v. *Merrill*, 55 Ill. 52.

As we understand it, when the counsel for plaintiff were about to read a portion of the opinion of this court to the jury, he was interrupted by the defendants' counsel, he objecting to such reading, when the plaintiff's counsel said, he would read it for the benefit of the court; and did so read it. This was improper, and should not have been permitted; but we would not reverse a judgment, just in itself, for such an irregularity. Though the decision read was by this court, the jury could not

receive the law in that mode, but must receive it from the court, in the form of written instructions.

Upon the question of damages, we do not think they were so large as the testimony warranted. We are quite familiar with the case of *Taylor* v. *Merrill,* which had its origin in this most audacious act of appellants, aggravated by the fact that they covertly put the contract upon record, thereby casting a cloud upon valuable property, resulting in the expenditure, by appellee, of a large sum of money, to free himself from the entanglement in which appellants involved him. We think no injustice has been done appellants by the finding. and we perceive no error in the record.

The judgment must be affirmed.

*Judgment affirmed.*