**Anthony Saunders, Plaintiff-Appellant, v. Burklen Wilson, Defendant-Appellee.**

**Gen. No. 52,980.**

First District, Third Division.

September 11, 1969.

Paulson & Ketchum, of Chicago (H. Tim Hoffman, of counsel), for appellant.

Garbutt & Jacobson, of Chicago (Donald G. Peterson, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This action was brought to recover for property damages to plaintiff's car caused by defendant's negligent operation of his automobile. The trial court entered judgment for the plaintiff in the sum of $6.94. Plaintiff takes this appeal from the court's assessment of damages.

Plaintiff, a resident of Minneapolis, testified by deposition that on July 13, 1966, he was visiting in Chicago. He had parked his car on Prairie Avenue between 56th and 57th Streets, where it was struck by defendant's car and pushed into a third car. Plaintiff witnessed the accident from a short distance away. He testified that as a result of the accident he had to have one headlight replaced and body work done on the rear of his car. The headlight was replaced in Chicago, for which a bill in the sum of $6.94 bearing a "Paid" stamp was produced and admitted into evidence. The remaining repairs were made in Minneapolis, for which a bill for $245.04 was produced. That bill bore no "Paid" stamp nor any other notation to indicate the receipt of payment, but plaintiff

testified that both repair bills had been paid. The trial court held, however, that the absence of a notation of payment on the $245.04 bill rendered it inadmissible and limited the finding of damages and judgment to $6.94.

The sole question is whether the offer of an unreceipted repair bill and plaintiff's uncontroverted testimony under oath that the bill had been paid is sufficient for its admission into evidence as proof of damages. Defendant argues that for the bill to be admitted as prima facie evidence it must bear some notation of payment. He cites a number of cases, but they do not support his contention. On the contrary, in Cloyes v. Plaatje, 231 Ill App 183, cited by defendant, the court said (p 192):

> "[T]he price paid for repairing an automobile, where the work had been done by a person engaged in that line of business, nothing appearing to cast suspicion on the transaction, the bill presented by the repairman and paid, is presumptive evidence of the reasonable value of the repairs."

Defendant asserts that this language supports his position because a repair bill that is purported to be paid but does not bear a "Paid" stamp is not regular on its face and thereby casts "suspicion on the transaction." But it is not the bill which in itself provides the proof. It is the uncontroverted testimony of the plaintiff under oath that the repairs were necessitated by the accident, that the repairman was in the business of making such repairs, and that he paid the bill. Such a transaction is not suspect. It has long been the law in this jurisdiction that once a proper foundation has been laid, a paid repair bill is admissible. Byalos v. Matheson, 328 Ill 269, 159 NE 242; Cloyes v. Plaatje, supra. Testimony as to the fact of payment is also admissible. Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 150 NE2d 276. No case has been

brought to our attention in which it has been held that oral evidence supporting the bona fides of such a bill is inadequate in the absence of a notation of payment on the bill.

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of plaintiff for the sum of $251.98.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.