NATIONAL WRECKING COMPANY, Plaintiff-Appellant, v. JOHN B. COLEMAN *et al.*, Defendants (Heery Program Management, Inc., Defendant-Appellee).

First District (2nd Division)   No. 85—1286

Opinion filed December 31, 1985.

Greenberger & Kaufmann, of Chicago (Timothy J. Patenode and Patrick S. Munzer, of counsel), for appellant.

Rivkin, Radler, Dunne & Bayh, of Chicago (Steven R. Merican and Dea S. Rauchwerger, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals a circuit court order granting judgment on the pleadings to defendant and denying plaintiff's motions to amend its complaint. The issues presented by plaintiff are whether: (1) attorney fees expended in a breach of contract action can be recovered from a third party as damages in an interference with contract action; and (2) the difference between statutory prejudgment interest received from another source and the lost investment value of that money judgment constitutes actual damages and is recoverable in an action for interference with contract.

Plaintiff, National Wrecking Company (National), contracted with

Elston Plaza Associates (Elston) to wreck and clear a property site for the construction of a shopping center. National was to receive $179,000 for its work with periodic payments made as certified by the project architect. National completed the job on February 4, 1983, but there was a dispute as to the resulting elevation of the property. National had previously received periodic payments totaling $77,400 and the architect certified an additional payment of $82,100 upon National's completion of the job. Due to the elevation dispute, $19,500 was not certified by the architect but was eventually submitted to arbitration in accordance with provisions in the contract. In spite of the certification of the $82,100 by the project architect, Elston withheld payment to National pending resolution of the arbitration. At one point, Elston offered to pay the $82,100 but only in exchange for National's release of the entire $101,600 lien. This offer, by Elston, was allegedly instigated by defendant Heery Program Management (Heery). Heery was employed by Elston to assist in the development of the shopping center.

On August 1, 1983, National sued Elston and Heery. Count I, against Elston, was for damages of $82,100 for breach of contract and count II, against Heery, was for $82,100 and punitive damages in an interference with contract action.

On June 27, 1984, the circuit court granted National's motion for summary judgment on count I. The court also awarded National 5% statutory prejudgment interest. (Ill. Rev. Stat. 1983, ch. 17, par. 6402.) The $82,100 judgment against Elston was subsequently satisfied. Thereafter, Heery moved for judgment on the pleadings contending that National's actual damages had been satisfied by Elston and that punitive damages would not lie absent those actual damages. National then moved to amend its complaint to include attorney fees expended in the breach of contract action against Elston as damages against Heery. Subsequently, National moved to further amend its complaint to include as damages against Heery the difference between the market investment value of the improperly withheld $82,100 and the statutory 5% prejudgment interest awarded against Elston.

At a hearing on Heery's motion for judgment on the pleadings and National's two motions to amend its complaint, the circuit court ruled in Heery's favor. The court held that attorney fees and lost investment value were not compensable damages in Illinois. Consequently, in the absence of alleged actual damages, the circuit court dismissed National's complaint with prejudice and granted Heery judgment on the pleadings. National appeals. We affirm in part, re-

verse in part and remand.

Initially, National raises the issue of whether attorney fees properly can be considered as damages against Heery. National specifically seeks to recover attorney fees expended in pursuing its breach of contract action against Elston as damages for Heery.

In Illinois, attorney fees are not generally recoverable absent specific contractual or statutory authority. (*Ritter v. Ritter* (1943), 381 Ill. 549, 557, 46 N.E.2d 41.) This is generally recognized as the "American Rule." This rule forbids only litigation fees incurred in the action against the tortfeasor. (*Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 372, 413 N.E.2d 47.) An exception, however, is recognized in actions for wrongful acts which require litigation with third parties. National claims that this is such a case because it alleges that Heery's tortious conduct forced National to sue Elston for breach of contract. National has not asserted any claim for attorney fees arising from the action against Heery; rather, it seeks to force Heery to pay the fees it incurred in litigation with Elston, caused by Heery's wrongful acts.

Our supreme court has held that "where the wrongful acts of a defendant involve the plaintiff in litigation with third parties or place him in such relation with others as to make it necessary to incur expense to protect his interest, the plaintiff can then recover damages against such wrongdoer, measured by the reasonable expenses of such litigation, including attorney fees." (*Ritter v. Ritter* (1943), 381 Ill. 549, 554, 46 N.E.2d 41.) To the same effect are two recent appellate court cases, *Nalivaika v. Murphy* (1983), 120 Ill. App. 3d 773, 776, 458 N.E.2d 995, and *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 371-72, 413 N.E.2d 47, and two nineteenth century supreme court cases, *Philpot v. Taylor* (1874), 75 Ill. 309, and *Himes v. Keighblingher* (1853), 14 Ill. 469.[1]

Heery's reliance primarily upon *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859, is misplaced. *Kerns* involved an indemnity

---

[1]Other jurisdictions have adopted plaintiff's approach in actions for interference with contract. *Phil Crowley Steel Corp. v. Sharon Steel Corp.* (8th Cir. 1983), 702 F.2d 719, 721 (applying Missouri law); *Gray v. Don Miller & Associates, Inc.* (1984), 35 Cal. 3d 498, 505, 674 P.2d 253, 257, 198 Cal. Rptr. 551, 555; *Wright v. Nigh* (Fla. App. 1981), 399 So. 2d 515, 517; *M. F. Roach Co. v. Town of Provincetown* (Mass. 1969), 355 Mass. 731, 733, 247 N.E.2d 377, 378; *Dassance v. Nienhuis* (1975), 57 Mich. App. 422, 433, 225 N.W.2d 789, 796-97; *Blair v. Boulger* (N.D. 1983), 336 N.W.2d 337, 340-41, *cert. denied* (1983), 464 U.S. 995, 78 L. Ed. 2d 683, 104 S. Ct. 491. See also Restatement (Second) of Torts sec. 914 (1979); Annot., 45 A.L.R.2d 1183, 1184-85 (1956).

action by a retailer against a manufacturer arising out of a third party's products liability action. (76 Ill. 2d 154, 158-59, 390 N.E.2d 859.) The supreme court simply ruled that it would not create an indemnity exception to the American Rule when both parties were properly defendants to the third party's tort action. (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 167, 390 N.E.2d 859.) Contrary to Heery's assertion, *Kerns* did not revoke the third-party litigation exception to the American Rule in Illinois.

Heery also relies on a Federal case which applied Illinois law, *Garris v. Schwartz* (7th Cir. 1977), 551 F.2d 156. The seventh circuit's application of Illinois law was expressly rejected by the Illinois appellate court in *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 374, 413 N.E.2d 47. In turn, the *Sorenson* approach was later adopted by a Federal district court in *EVRA Corp. v. Swiss Bank Corp.* (N.D. Ill. 1981), 522 F. Supp. 820, 834-35, *rev'd on other grounds* (1982), 673 F.2d 951, 955, *cert. denied* (1982), 459 U.S. 1017, 74 L. Ed. 2d 511, 103 S. Ct. 377.[2]

Heery has attempted to distinguish the present action from the *Sorenson* and *Nalivaika* cases by noting that National initiated the breach of contract action against Elston, thereby voluntarily incurring its attorney fees. The plaintiff in *Nalivaika* incurred its attorney fees defending an action, and the plaintiff in *Sorenson* incurred its attorney fees outside of court attempting to remedy a tax situation; defendant's argument is not persuasive, however. There is no reason to premise a recovery on whether expenses were incurred offensively or defensively. In both *Philpot* and *Himes* the supreme court expressly rejected the argument that plaintiffs could not recover for expenses incurred in actions which they had initiated against third parties. (*Philpot v. Taylor* (1874), 75 Ill. 309, 310-11; *Himes v. Keighblingher* (1853), 14 Ill. 469, 471-72.) We follow their analyses. "[I]t was not for the defendant to dictate what course the plaintiff should take to remedy the evil which had been wrongfully brought upon him, so [long] as the remedy adopted was *** [a] legal one." *Himes v. Keighblingher* (1853), 14 Ill. 469, 472.

■ The nature of National's claimed attorney fees were the "natural consequence" of the alleged tort. It is implicit that Heery's alleged interference with National's contract with Elston would proba-

---

[2]The reversal was premised on the inapplicability of consequential damages, not on the district court's application of *Sorenson v. Fio Rito* or its ascertainment of those damages. *EVRA Corp. v. Swiss Bank Corp.* (7th Cir. 1982), 673 F.2d 951, 955, *cert. denied* (1982), 459 U.S. 1017, 74 L. Ed. 2d 511, 103 S. Ct. 377.

bly result in an ensuing action by National against Elston for the breach of that contract. It would be unrealistic to hold that because National has received satisfaction in its action against Elston, its action against Heery must now fail. Heery's alleged actions clearly fit the situation contemplated by *Ritter* and, in accordance with that decision, National's breach of contract fees were correctly alleged as actual damages against Heery for tortious interference with contract. Plaintiff's motion to amend its complaint to allege the breach of contract action's attorney fees as actual damages should have been allowed.

■ National additionally raises the issue of whether the lost investment value of the $82,100 breach by Elston should be assessable against Heery. National contends that "as a natural consequence" of Heery's allegedly tortious conduct, National was deprived of the use of the $82,100 while Elston was in breach. National recovered the statutory prejudgment interest of 5% from Elston and now seeks the difference between 5% and "money market" interest from Heery. National has cited no authority for this proposed recovery other than the general proposition that Heery, as the alleged tortfeasor, is liable for the natural consequences of its action. (*Bimba Manufacturing Co. v. Starz Cylinder Co.* (1969), 119 Ill. App. 2d 251, 271, 256 N.E.2d 357.) National has attempted to characterize this lost investment value as "damages"; however, we deem the loss clearly as "interest on damages," which is proper only if expressly authorized by statute or agreement. (*Geohegan v. Union Elevated R.R. Co.* (1915), 266 Ill. 482, 491-92, 107 N.E. 786; *Richman v. Chicago Bears Football Club, Inc.* (1984), 127 Ill. App. 3d 75, 77-78, 468 N.E.2d 487.) National has alleged neither statutory nor contractual authority. The circuit court's denial of National's motion to amend its complaint to include lost investment value must be affirmed.

In summation, the circuit court's denial of National's motion to amend its complaint to include lost investment value as damages is affirmed. The circuit court's denial of National's motion to amend its complaint to include attorney fees incurred in its action against Elston is reversed as is the circuit court's resultant judgment on the pleadings. The case is remanded for trial.

Affirmed in part, reversed in part and remanded for trial.

STAMOS, P.J., and SCARIANO, J., concur.