# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1828

IN RE:

SIDNEY WEINSCHNEIDER,

*Debtor-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 5274—**Joan B. Gottschall**, *Judge.*

_____

ARGUED NOVEMBER 10, 2004—DECIDED JANUARY 18, 2005

_____

Before POSNER, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Sidney Weinschneider, a Chapter 7 debtor in bankruptcy, appeals from the district court's affirmance of an order of the bankruptcy court denying his request for attorney fees from the bankruptcy estate.

A brief history of the case may provide context for Weinschneider's request. He filed for bankruptcy under Chapter 11 after his nursing home business ran into financial difficulties. The proceeding was converted to a Chapter 7 case and Daniel Hoseman was appointed trustee. Soon after the conversion, a committee of unsecured creditors filed an adversary action against Weinschneider, demanding that he turn over certain property to the estate. The trustee, on

behalf of the creditors, settled that litigation. In connection with the settlement, the trustee executed a contract containing a release and covenant not to sue. Under the document, the trustee agreed to release "all claims, known or unknown" against Weinschneider, his wife, and certain trusts. In addition, the trustee agreed not to institute, prosecute, or participate in any action to collect or enforce any claims, "known or unknown" that the estate could have against Weinschneider, his wife, or the trusts.

While the bankruptcy case was proceeding, Weinschneider filed a breach of contract action in Illinois state court against his former business associates, claiming a 23 percent ownership in their nursing home management operation. Originally, Weinschneider did not inform the trustee of the existence of the lawsuit. However, in response to Weinschneider's second amended complaint, the defendants to the state court lawsuit alleged that the case belonged in the bankruptcy court. At that point, the state court judge instructed the parties to give the bankruptcy trustee notice of the pending suit.

After he learned of the state court action, the trustee brought an adversary complaint against Weinschneider in the bankruptcy court, seeking a declaratory judgment that the state court lawsuit was the property of the bankruptcy estate. Weinschneider raised, as a defense to the lawsuit, the release and covenant not to sue. In response, the trustee argued that Weinschneider fraudulently induced the execution of the covenant and the release by failing to disclose all of his business interests, and that rendered the release and covenant void.

After a trial on the adversary action, the bankruptcy court ruled for the trustee. He found that Weinschneider fraudulently induced the execution of the covenant and the release. On appeal, the district court reversed, finding that the covenant and release were not fraudulently induced and

that those documents barred the trustee's suit. The district court entered judgment for Weinschneider. We affirmed the judgment. *Hoseman v. Weinschneider*, 322 F.3d 468 (7th Cir. 2003).

With that backdrop, we finally arrive at the proceeding giving rise to this appeal. After our decision, Weinschneider filed a motion with the bankruptcy court seeking over $500,000 in attorney fees and costs he claimed he incurred in successfully defending against the declaratory judgment action. The bankruptcy court denied his motion and the district court affirmed. Weinschneider's current appeal is from that order. He contends that 11 U.S.C. §§ 503(b)(1)(a) and 507(a)(1) and *Reading Co. v. Brown*, 391 U.S. 471 (1968), permit him to recover as an administrative expense his damages (i.e., attorney fees) for breach of the covenant not to sue; that Illinois law permits him to recover damages (as in attorney fees) for the breach of a covenant not to sue; and that the contract, which includes the covenant not to sue, allows the recovery of attorney fees for breach of the covenant. We reject each contention.

*Reading* is of no help to Weinschneider. In that case, a building owned by the debtor burned while the debtor was under the protection of a bankruptcy receivership. An adjacent building was destroyed by the fire. The owner of the adjacent building claimed that the damages he suffered in the fire should be considered an administrative expense and receive priority in the bankruptcy action. The Court found that the claim was allowable as an "actual and necessary" expense:

> In the first place, in considering whether those injured by the operation of the business during an arrangement should share equally with, or recover ahead of, those for whose benefit the business is carried on, the latter seems more natural and just.

*Reading*, 391 U.S. at 482. This statement reveals at least three things which differentiate that case from Weinschneider's. First, the *Reading* action was a claim for tort damages; that is, the destruction of the building, which occurred on the trustee's watch. Second, the beneficiary of the Court's holding was a third party. And finally, the issue was one of priorities. In other words, it was clear that Reading had a claim based on the trustee's negligence; the issue was whether his claim should take priority over other claims.

Here, Weinschneider is, of course, not a third party, and the relief he seeks is attorney fees to defend a case brought against him by a trustee, who was acting properly. *Reading* cannot provide the basis of his claim for attorney fees.

Nor can his claim arise from the Bankruptcy Code itself. Sections 503 and 507 do not help Weinschneider establish his claim. Section 503(b)(1)(A) permits the payment of "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case" as administrative expenses. Section 503(b)(2) concerns the payment of compensation, including attorney fees, as administrative expenses. It limits those fees to "compensation and reimbursement awarded under section 330(a)." What § 330 means, however, has not always been clear. *See In re Pro-Snax Distribs., Inc.*, 157 F.3d 414 (C.A.5 1998); *In re American Steel Prod., Inc.*, 197 F.3d 1354 (C.A.11 1999); *but see In re Ames Dep't Stores, Inc.*, 76 F.3d 66 (C.A.2 1996); *In re Top Grade Sausage, Inc.*, 227 F.3d 123 (C.A.3 2000); *In re Century Cleaning Servs., Inc.*, 195 F.3d 1053 (C.A.9 1999).

The difference in interpretation arose after the statute was revised. Prior to the revision, § 330 allowed reasonable compensation for actual and necessary services performed by a "professional person employed under section 327 or

1103 of this title, *or to the debtor's attorney*." (Emphasis added.) The revision in § 330(a)(1) dropped the words "or to the debtor's attorney," and the statute now says that a court may award a "professional person employed under section 327 or 1103" reasonable compensation for actual and necessary services. The effect was to lump attorneys with persons who must be employed under § 327 (the relevant section for our purposes) in order to be compensated for their services; whereas before the revision they were exempt from the requirements of § 327. The difference is significant because § 327 authorizes the trustee to employ an attorney "with the court's approval." The issue then arose as to whether attorneys could only be compensated out of the estate if they were approved by the court or whether the omission of the words "or to the debtor's attorney" was inadvertent, causing the statute to be ambiguous and allowing a conclusion that Congress must have meant to continue to exempt attorneys from the § 327 requirements.

The Supreme Court has recently eliminated any confusion on this point. In *Lamie v. U.S. Trustee*, 1245 S. Ct. 1023 (2004), the Court determined that the revised § 330 means what it says and that §§ 327 and 330, taken together, prohibit compensation awards from a Chapter 7 estate to an attorney unless the attorney is employed as authorized by § 327:

> [W]e hold that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a chapter 7 case, he must be employed by the trustee and approved by the court.

*Lamie*, 1245 S. Ct. at 1032.

All of which means that the basis for an award of fees in this case can only come from state law. And on this point, Illinois law is clear and unhelpful to Weinschneider. Illinois

follows the American rule, under which attorney fees are not available unless the parties have agreed to them or a statute provides for them. In *Ritter v. Ritter*, 381 Ill. 549, 557, 46 N.E.2d 41, 45 (1943), the Supreme Court of Illinois stated:

> The cases all confirm the rule that attorneys fees and expenses of litigation can not be recovered in a subsequent suit as damages by a successful plaintiff who has been forced into litigation by reason of the defendant's wrongful conduct.

Slightly more recently, the Illinois Appellate Court reaffirmed that principle in *Child v. Lincoln Enterprises, Inc.*, 51 Ill. App. 2d 76, 82, 200 N.E.2d 751, 754 (1964), which, like the case before us, involved damages for breach of a covenant not to sue. The court stated:

> Attorney fees and the ordinary expenses and burden of litigation are not allowable to the successful party in the absence of an agreement or stipulation specifically authorizing the allowance of attorney fees, or in the absence of a statute providing for the taxing of attorney fees against the losing party.

Unfortunately for Weinschneider, the contract in this case does not contain a provision for attorney fees, nor is there a statute providing for fees in this situation. His claim for attorney fees as an administrative expense was properly denied, and, accordingly, we affirm the judgment of the district court.

No. 04-1828                                                        7

A true Copy:

    Teste:

                             _____

                            *Clerk of the United States Court of*
                                 *Appeals for the Seventh Circuit*