In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2650

FEDNAV INTERNATIONAL LTD.,

*Plaintiff-Appellant*,

*v.*

CONTINENTAL INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 6302—**John W. Darrah**, *Judge*.

ARGUED FEBRUARY 12, 2010—DECIDED NOVEMBER 1, 2010

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit
Judge*, and Springmann, *District Judge*.[*]

SPRINGMANN, *District Judge*. Seeking damages for at-
torney's fees, costs, and expenses incurred in earlier
litigation between the parties, Fednav International
Ltd. (Fednav) sued Continental Insurance Company

---

[*] Of the Northern District of Indiana, sitting by designation.

(Continental) for breach of contract. The district court dismissed Fednav's case for failure to state a claim upon which relief can be granted. We affirm.

## I. BACKGROUND

In 2001, three separate vessels carried shipments of steel from Ghent, Belguim, to Burns Harbor, Indiana. The steel was damaged in transit. In 2002, Continental, the subrogee of the owner of the damaged steel, sued Fednav (the carrier), the vessels, and other defendants in the United States District Court for the Northern District of Illinois in three separate cases. Continental sought to recover damages under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. App. §§ 1300 *et seq.* The bills of lading designated Burns Harbor as the port of discharge and specified that the United States District Court having admiralty jurisdiction at the port of discharge would be the forum for any action arising out of the shipment. The bills of lading incorporated the COGSA statute of limitations of one year from the date of discharge. Instead of transferring the cases to the Northern District of Indiana, where the bills of lading required Continental to file its actions, the district court dismissed the cases.

Continental appealed, and the three cases were consolidated. In 2003, we affirmed the district court's dismissal of Continental's COGSA claims for improper venue. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003). Because Continental had made the mistake of suing Fednav in the wrong court, and because the

statute of limitations had run, the first phase of litigation ended in a decisive victory for Fednav and a stinging loss for Continental. Fednav incurred substantial litigation-related expenses, including attorney's fees, in the process of obtaining the win.

In 2006, Fednav initiated this lawsuit against Continental in the Northern District of Illinois to recoup these litigation-related expenses. Fednav predicated the district court's subject-matter jurisdiction over its action on diversity of citizenship, 28 U.S.C. § 1332. It did not invoke any other basis for subject-matter jurisdiction. In its complaint, Fednav sought damages for Continental's alleged breach of the forum-selection clauses contained in the bills of lading for the goods shipped. It claimed that Continental breached by filing its earlier lawsuits in the Northern District of Illinois, the wrong forum. Fednav alleged that, as a result of the breach, it suffered damages in the form of the attorney's fees, costs, and expenses it incurred defending against the lawsuits brought by Continental.

Continental moved the district court to dismiss Fednav's lawsuit on three grounds: (1) Fednav's lawsuit is an impermissible attempt to collect attorney's fees and expenses incurred in the earlier litigation; (2) Fednav may not sue Continental for breach of contract because there is no privity of contract between Fednav and Continental; and (3) Fednav filed suit in the wrong venue because the forum-selection clauses in the bills of lading required Fednav to bring this lawsuit in the Northern District of Indiana. In response, Fednav characterized

its lawsuit as an action for common law breach of contract and asserted that the American Rule does not bar its action, that Continental became a party to the relevant contracts, and that Fednav's lawsuit is in the proper forum. The district court granted Continental's motion to dismiss on the first ground offered by Continental. The district court found that the American Rule, which had been adopted in Illinois law, barred Fednav's lawsuit to collect attorney's fees and that no exception to the rule applied.

## II. DISCUSSION

We review de novo a district court's dismissal for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). When analyzing the sufficiency of a complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Id.* Fednav has stated a claim only if it has alleged enough facts to render the claim facially plausible, not just conceivable. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Subject-Matter Jurisdiction

Before addressing the district court's ruling on Continental's motion to dismiss, we must consider the issue of subject-matter jurisdiction. Because federal courts "have

only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), "we are bound to evaluate our own jurisdiction, as well as the jurisdiction of the court below, *sua sponte* if necessary," *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009).

In its complaint, Fednav stated that it is a Barbadian corporation with its principal place of business in Montreal, Quebec, Canada. However, in its appellate submission, Fednav asserted that it is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada, and that Continental is a New Hampshire corporation with its principal place of business in New York. At oral argument, we asked Fednav's counsel whether Fednav is incorporated under the laws of Canada or the laws of Barbados, and whether Fednav is a corporation limited by shares, an organization limited by guarantee, or an organization akin to a partnership, in which case we would need to know the identity of each investor. We ordered Fednav to supplement its submission with information regarding its citizenship.

Fednav's supplemental submission shows that it is organized under the laws of Barbados and that it is a company limited by shares. No issue exists regarding Continental's citizenship or the amount in controversy. Consequently, the district court had, and we have, subject-matter jurisdiction over Fednav's claim under 28 U.S.C. § 1332(a)(2).

## B.  Fednav's Breach of Contract Claim and the American Rule

On appeal, Fednav relies on several grounds in chal-
lenging the district court's dismissal of its case against
Continental. We begin with the ground addressed by
the district court in dismissing Fednav's common law
breach of contract claim.[1] The district court determined

---

[1] Fednav proceeded in the district court on this state-law
theory, and this theory provided the basis for the district court's
ruling. However, Fednav's theory of recovery raises issues
under at least two federal statutes. In the 2002-2003 litiga-
tion, Fednav did not invoke the power of the district court or
this court to award sanctions under 28 U.S.C. § 1927, which
provides that a lawyer "who so multiplies the proceedings in
any case unreasonably and vexatiously may be required by the
court to satisfy personally the excess costs, expenses, and
attorneys' fees reasonably incurred because of such conduct."
*See also Riddle & Assocs. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)
("The purpose of § 1927 is to deter frivolous litigation and
abusive practices by attorneys and to ensure that those who
create unnecessary costs also bear them.") (quotation marks
and citation omitted). In this appeal, Fednav argues that
Continental litigated in bad faith, but it did not so argue in the
earlier litigation (perhaps because it was apparent that Con-
tinental's counsel was not acting in bad faith, but rather made
a very costly mistake). *See Continental Ins. Co.*, 354 F.3d at 608
(stating that "filing in the Northern District of Illinois was
an obvious mistake made by a sophisticated party with repre-
sentation"). Additionally, Fednav's breach of contract claim
may implicate the preemption regime of the COGSA, 46 U.S.C.

(continued...)

that the American Rule barred Fednav's claim seeking litigation expenses and attorney's fees as damages based upon Continental's alleged breach of the forum-selection clauses in the bills of lading. Fednav argues that the district court erred in applying Illinois law and the American Rule.

In a case such as this one, in which federal court jurisdiction is premised on diversity of citizenship, state law applies to substantive issues. *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008). "When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits." *Id.* In a diversity case, federal law governs procedure. *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008).

Fednav filed this case in a federal district court in Illinois, and the parties did not raise any conflict of law issue. Fednav's claim of entitlement to litigation-related expenses and attorney's fees as damages under a breach of contract theory is a substantive issue. Accordingly, we look to Illinois law in evaluating Fednav's common

---

[1] (...continued)
App. §§ 1300 *et seq.* In the earlier litigation, Continental sued in federal court under the federal COGSA, and at oral argument in this case, Fednav's counsel conceded that Fednav is not relying on any contract term or the COGSA to shift the fees. Because the § 1927 and COGSA preemption issues were not put before the district court or addressed by the parties in their briefs on appeal, we will not address them.

law breach of contract claim and the availability of such damages.[2]

To state a colorable breach of contract claim under Illinois law, a plaintiff must allege "'(1) the existence of a valid and enforceable contract; (2) substantial perfor-mance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages.'" *Reger Dev., L.L.C. v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). In its motion to dismiss, Continental challenged Fednav's claim by attacking the first and fourth elements and argued that the forum-selection clauses, which doomed Continental's earlier lawsuit against Fednav, also doomed Fednav's lawsuit because Fednav chose to bring this case in the wrong court. Like the district court, we find the fourth element regarding damages determinative.

Illinois generally recognizes the American Rule that, "absent a statute or contractual provision, a successful

---

[2] Although Fednav on appeal is making an argument that has a conflict-of-law quality, in the district court it did not argue that any law other than Illinois law applied. Indeed, in its opposition to Continental's motion to dismiss, Fednav relied expressly upon Illinois law for the elements of a breach of contract claim and for its argument that the general rule regarding damages, and not the American Rule, applied. Additionally, in arguing that its case was not filed in the wrong forum, Fednav advocated the application of Illinois law because Illinois was the state with the most significant relationship to Continental's breach.

litigant must bear the burden of his or her own attorney's fees." *Champion Parts, Inc. v. Oppenheimer & Co.*, 878 F.2d 1003, 1006 (7th Cir. 1989) (citing *Kerns v. Engelke*, 390 N.E.2d 859, 865 (Ill. 1979); *Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943)); *see also In re Weinschneider*, 395 F.3d 401, 404 (7th Cir. 2005) (stating that "Illinois follows the American rule, under which attorney fees are not available unless the parties have agreed to them or a statute provides for them"); *Taylor v. Pekin Ins. Co.*, 899 N.E.2d 251, 256 (Ill. 2008). In *Ritter*, the Supreme Court of Illinois observed that "[t]he cases all confirm the rule that attorneys fees and expenses of litigation can not [sic] be recovered in a subsequent suit as damages by a successful plaintiff who has been forced into litigation by reason of the defendant's wrongful conduct." *Ritter*, 46 N.E.2d at 45 (citing cases); *see also Child v. Lincoln Enters., Inc.*, 200 N.E.2d 751, 754 (Ill. App. Ct. 1964) (disallowing attorney's fees and the ordinary expenses of litigation as damages for breach of a covenant not to sue).

Fednav has not identified any contractual provision or statute showing an entitlement to recover litigation expenses and attorney's fees incurred in the earlier litigation with Continental. Furthermore, the COGSA, under which Continental brought its earlier lawsuits, does not authorize an award of attorney's fees to a party prevailing in a suit under the act. *See APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, 582 F.3d 947, 957 (9th Cir. 2009) (citing *Noritake Co. v. M/V Hellenic Champion*, 672 F.2d 724, 730 (5th Cir. 1980)); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 1002 (1st Cir. 1983) (citing cases). Consequently, Illinois law and the American Rule require Fednav to bear the

burden of its own litigation expenses and attorney's fees, unless some exception to the rule applies.

Under Illinois law, an exception to the American Rule exists "where the wrongful acts of a defendant involve the plaintiff in litigation with third parties or place him in such relation with others as to make it necessary to incur expenses to protect his interest." *Ritter*, 46 N.E.2d at 44. We have noted that the "theory behind this exception is that a tortfeasor should be held responsible for all of the natural and proximate consequences of his actions." *Champion Parts, Inc.*, 878 F.2d at 1006 (citing *Sorenson v. Fio Rito*, 413 N.E.2d 47, 52 (Ill. App. Ct. 1980)). We added:

> If one consequence of the tortfeasor's actions is to involve a person in litigation with others, the expenses incurred in that litigation are held to be damages no less compensible than any other element of damage resulting from the tort. . . . [T]he exception does not remove the plaintiff's obligation to show that he or she has a cause of action against the defendant; the exception only adds an element of damages to that preexisting cause of action.

*Id.* (citing *Nat'l Wrecking Co. v. Coleman*, 487 N.E.2d 1164, 1167 (Ill. App. Ct. 1985); *Nalivaika v. Murphy*, 458 N.E.2d 995, 996 (Ill. App. Ct. 1983); *Sorenson*, 413 N.E.2d at 52).[3]

---

[3] Fednav has argued that the traditional standard of damages, which allows recovery of all ordinary and natural consequences of a wrongdoer's conduct, applies and that its litigation ex-

(continued...)

Fednav's complaint is devoid of any allegations suggesting that wrongful acts of Continental involved Fednav

---

[3] (...continued)

penses and attorney's fees are recoverable as damages. In the district court, Fednav cited *Sorenson*, 413 N.E.2d at 51-52, and on appeal, it cites *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854). In resolving this issue, we rely upon how Illinois courts have reconciled the American Rule with the traditional rule of damages, rather than looking to the rule of *Hadley v. Baxendale.* The Appellate Court of Illinois has explained:

> Care must be taken to distinguish between the rule prohibiting the recovery of attorney fees from the losing party by the prevailing party in litigation and the rule allowing the recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act. The rule against allowance of attorney fees only forbids recovery of such fees incurred in litigation with the tortfeasor himself. Where the attorney fees sought by the plaintiff are those incurred in actions with third parties brought about by a defendant's misconduct, the litigation expenses are merely a form of damages and are accordingly recoverable from the defendant.

*Nalivaika*, 458 N.E.2d at 997 (quotation marks, citations, and ellipsis omitted). Furthermore, the situation in *Sorenson* was very different from the situation here. *Sorenson* involved a plaintiff who was permitted to recover attorney's fees incurred in obtaining refunds of tax penalties that were assessed as a result of the defendant's negligence. *Id.*, 413 N.E.2d at 53; *see also Goldstein v. DABS Asset Manager, Inc.*, 886 N.E.2d 1117, 1121-22 (Ill. App. Ct. 2008) (discussing *Sorenson* and distinguishing between attorney's fees incurred defending in a lawsuit and attorney's fees recovered as refunds of tax penalties).

in litigation with third parties or placed Fednav in such a relation with others that Fednav incurred expenses protecting its interest. To the contrary, Fednav's complaint alleges that its damages (i.e., attorney's fees, costs, and litigation-related expenses) resulted from its defense against Continental's subrogation actions for damage Fednav allegedly caused. Consequently, Fednav's breach of contract claim in this action does not fall within this exception to the American Rule, and Fednav has failed to state a claim for common law breach of contract under Illinois law.

## C. Waiver

Fednav contends that federal common law permits recovery of attorney's fees for Continental's breach and that it may recover the litigation-related expenses and attorney's fees because Continental acted in bad faith. Fednav did not present these arguments to the district court.

It is well-settled that a party may not raise an issue for the first time on appeal. *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009). Consequently, a party who fails to adequately present an issue to the district court has waived the issue for purposes of appeal. *Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2009). Furthermore, a party has waived the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in

more general terms. *Domka v. Portage County, Wis.*, 523 F.3d 776, 783 (7th Cir. 2008).

A liberal reading of Fednav's complaint and argument in the district court yields no signs of these arguments Fednav is now presenting. Fednav did not present federal common law as a source of its claimed entitlement to recover its litigation-related expenses and attorney's fees. Likewise, Fednav did not argue in the district court that it was entitled to such damages because of Continental's bad faith conduct in the earlier litigation. Accordingly, Fednav waived these arguments.

Even if Fednav had not waived these arguments, they would not succeed. To the extent that Fednav suggests that the American Rule is not part of federal law, it is mistaken. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) (reaffirming the "American Rule"); *id.* at 247 ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. We are asked to fashion a far-reaching exception to this 'American Rule'; but having considered its origin and development, we are convinced that it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation in the manner or to the extent [proposed].") Fednav cites *Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600 (7th Cir. 1994), as support for its argument that federal common law allows recovery of attorney's fees by the victim of a breach of a forum-selection clause. Fednav highlights the following language from the *Omron Healthcare* opinion:

Omron signed a contract promising to litigate in the High Court of Justice, or not at all. It broke that promise. Instead of seeking damages for breach of contract, Maclaren is content with specific performance. The district court properly dismissed the suit.

*Id.* at 604. Fednav misconceives this statement and our opinion in *Omron Healthcare*, which did not address the recovery of attorney's fees under federal common law. Similarly, its reliance on *Northwestern National Insurance Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990), is misplaced. In *Donovan*, we addressed the validity and enforceability of a forum-selection clause and the permissibility of a venue change for the convenience of parties and witnesses under 28 U.S.C. § 1404(a), but we did not address the availability of attorney's fees under federal law. *Id.* at 377-78. The parties in this case have not made the validity of the forum-selection clauses an issue, and there appears to be no dispute about their validity. *Cf. Continental Ins. Co.*, 354 F.3d at 607-08 (enforcing Fednav's forum-selection clauses and noting that Continental did not contest the validity of the clauses).

Additionally, Fednav asserts, without reference to relevant authority and without developed argument, that Continental's filing of its earlier lawsuits in the wrong court "must constitute litigation in bad faith[,] one of the recognized exceptions to the American Rule." Br. of Pl./Appellant 14. In making this argument, Fednav fails to comply with Federal Rule of Appellate Procedure 28(a)(9)(A), which requires the appellant's argument to contain "contentions and the reasons for them, with

citations to the authorities and parts of the record on which the appellant relies." We will not fill this void by crafting arguments and performing the necessary legal research. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

### III.  CONCLUSION

The district court properly found that, under Illinois law, the American Rule bars Fednav's breach of contract claim seeking to collect litigation expenses and attorney's fees. Therefore, its grant of Continental's motion to dismiss is AFFIRMED.