NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-1834 | |
| MAURICE DAVIS,<br>　　*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| 　　*v.* | |
| | No. 07 C 4735 |
| JEWISH VOCATIONAL SERVICE and<br>ILLINOIS STATE POLICE,<br>　　*Defendants-Appellees.* | Matthew F. Kennelly,<br>*Judge*. |

### O R D E R

　　Maurice Davis, who is black and suffers from a traumatic brain injury, sued Jewish Vocational Service and the Illinois State Police for race discrimination after he was removed from his placement as a janitor with the ISP. *See* 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 1981. He also asserted a claim against both agencies for casting him in a false light, based on the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

ISP's report to JVS that he is a felon, and sued the ISP for defamation and tortious interference with his employment contract.  In a thorough order, the district court granted summary judgment on all claims for the defendants.

Proceeding pro se on appeal, Davis has submitted as his brief a medley of loose documents, the body of which amounts to a single paragraph—a purported statement of facts.  He baldly asserts in his submission that he was defamed and falsely accused of being a felon, but nowhere does he develop any meaningful legal argument, with appropriate references to the record, as to why the district court erred in granting summary judgment. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  We will construe a pro se litigant's brief liberally, but we cannot construct arguments where there are none.  *Anderson*, 241 F.3d at 545-46; *see Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010).

Accordingly, the appeal is DISMISSED.