NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011[*]
Decided March 11, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2911

| | |
|---|---|
| FARD MOHAMMED<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CV-551 |
| WISCONSIN INSURANCE SECURITY<br>FUND, et al.,<br>    *Defendants-Appellees.* | J. P. Stadtmueller,<br>*Judge.* |

**O R D E R**

Fard Mohammed, formerly a hall monitor employed by the Racine Unified School District, sued the district, the Wisconsin Insurance Security Fund (WISF), and others, alleging that school officials discriminated against him based on his Islamic faith when they

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. Thus, the appeal is submitted on the appellant's brief and the record. After examining these materials, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

required him to remove his religious head cover and "pilgrimage ring." However, Mohammed had already litigated–unsuccessfully–the same claim in state court, first before the WISF (an administrative body), and later the Dane County Circuit Court and Wisconsin Court of Appeals. The district court dismissed the complaint sua sponte, concluding that it was legally frivolous. *See* 28 U.S.C § 1915(e)(2). The court explained that Mohammed's claim had already been resolved on the merits by the WISF and the Wisconsin state courts, and that the doctrine of issue preclusion barred him from relitigating issues that were previously adjudicated.

On appeal Mohammed restates the grievances set forth in his complaint, but nowhere does he develop any meaningful legal argument, with appropriate references to the record, as to why the district court erred in dismissing his complaint. *See* Fed. R. App. P. 28(a)(9)(A). Although we construe a pro se litigant's brief liberally, we cannot construct arguments when there are none. *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001); *see Fednav. Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010). Accordingly, the appeal is

DISMISSED.