MANION, Circuit Judge,
concurring in part and dissenting in part.
Because the district court has written a comprehensive and thorough order in which I can find no error, I would affirm the dismissal of Michele Nischan’s sexual harassment claim against Stratosphere. I agree with our court’s opinion on all other issues, but I do not agree that Nischan has alleged sufficient facts to sustain a finding that Stratosphere was on constructive notice that Nischan was being sexually harassed by Sabbah. According to Nischan’s testimony, Sabbah, who was an on-site supervisor employed by Chrysler, sexually harassed her in several disgusting ways on an almost daily basis. Nischan’s problem is she did not report this harassment to Stratosphere until sometime in late October after she was no longer employed by the company. There is no dispute that Stratosphere did not have actual notice of Sabbah’s alleged conduct.[1] It is evident also that Nischan’s performance at work was very poor. She made lots of mistakes and seemed not to understand the scope of her duties. Inevitably, she was transferred and terminated after failing to show up at the new site.
Nischan’s case thus stands or falls based upon the incident in the trailer, and whether Stratosphere was on constructive notice of her alleged victimization. The court graphically describes Nischan’s testimony where Sabbah approached her in her work trailer and rubbed and groped her. Nis-chan alleges that in the work trailer were two other Stratosphere employees—Black-man and Harris. Blackman held the same low-level “supervisor” title as Nischan. While Nischan does waffle between saying she was sure Blackman saw the groping incident and that she had no way of knowing if Blackman saw it, we can assume Blackman did see it. Even so, Blackman was not Nischan’s supervisor and had no duty to report: this fatal defect is perhaps why Nischan simply did not rely upon the argument that Blackman’s knowledge put Stratosphere on constructive notice. Black-man’s general duty to report sexual harassment cannot be assumed on appeal to apply to non-Stratosphere employees such as Sabbah. The district court had no opportunity to judge the evidence on this point, because this factual determination was not relevant to the decision before it. *936 In other words, the argument that Black-man witnessing Sabbah’s assault of Nis-chan constituted constructive notice to Stratosphere is raised for the first time on appeal, and is thus waived. Fednav Int’l Ltd. v. Continental Ins. Co., 624 F.3d 834, 841 (7th Cir. 2010) (“[A] party has waived the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms.”). As the district court order makes clear, the allegation that Blackman witnessed the groping in the trailer was put forward to suggest that Hams must have also witnessed the event. Nischan v. Stratosphere Quality, No. 13 C 50389, at fn. 14 (N.D. Ill. Jan. 1, 2016) (order granting summary judgment). Blackman was not alleged to be a hook for constructive notice to Stratosphere. Nowhere was the district court presented with the argument that Stratosphere was negligent in failing to remedy Nischan’s harassment because Blackman was bound by an employee policy that mandated her to report sexual assaults by non-employees.
Harris, on the other hand, actually had supervisory responsibilities over Nischan, and the claim that Harris saw the trailer incident forms the sole factual basis for Nischan’s preserved constructive notice claim against Stratosphere. Nischan thinks that since Harris was in the work trailer, he should have witnessed this. Certainly Stratosphere could have been on actual notice of Nischan’s sexual harassment if she had said something to Harris about what was going on. Instead, she ran out of the trailer followed by Blackman and cried outside while Blackman consoled her. Critically, there is not even a clear allegation that Harris saw Sabbah’s behavior or Nis-chan’s distress. As the district court thoroughly analyzed, there is no allegation that Harris saw anything. Therefore, I totally agree with the district court s thorough analysis of the incident and agree with the district court that Stratosphere did not have actual or constructive notice of Sab-bah’s disgusting behavior. I would completely affirm the district court’s order.

. The district court does note that Nischan alleges a phone call to Stratosphere on June 22, 2012, but there is no evidence that the message Nischan left was in any way a complaint about sexual harassment. Ironically what this phone call does show is that she knew the number to call for any kind of complaint, a complaint which she never made, instead tolerating Sabbah's disgusting behavior for several more weeks.