Jack B. Schmetterer, United States Bankruptcy Judge
An Opinion and Order has been entered on Debtor Robbin Fulton's Motion for Sanctions and her Objection to Claim of the City of Chicago [Dkt. Nos. 39, 40 and 42]. The City has been ordered to return to Debtor her vehicle which was seized prepetition or face a monetary fine of $100.00 per day. This ruling relies on Thompson v. Gen. Motors Acceptance Corp., LLC , 566 F.3d 699 (7th Cir. 2009) and its holding that the automatic bankruptcy stay requires return of an auto seized prebankruptcy. The City now seeks to stay the order entered in this case, and requests any bond needed for an appeal be waived.
Pursuant to Fed. R. Bankr. P. 8007, courts consider four factors when deciding whether to grant a stay pending appeal, "1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest". Matter of Forty-Eight Insulations, Inc. , 115 F.3d 1294, 1300 (7th Cir. 1997). Applicants seeking a stay pending appeal have the threshold burden of demonstrating the first two factors. Id. If the applicant cannot satisfactorily meet its burden on the first two factors, "inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." Id. at 1301.
THE CRUX OF THE CITY'S ERROR; IT IS BOUND BY THE AUTOMATIC STAY
The City argues the automatic stay does not apply to it because its continued possession *836 of Debtor's vehicle is necessary to maintain perfection of its possessory lien, and it is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(3). It contends the passive possession of the vehicle is the "act" necessary to maintain perfection under that provision. The City relies upon a Seventh Circuit panel's interpretation of 11 U.S.C. § 362(a)(3) in Thompson v. Gen. Motors Acceptance Corp., LLC , 566 F.3d 699, 703 (7th Cir. 2009), a provision intended to prevent creditors from performing, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." In the Thompson opinion, the Seventh Circuit panel held that passive possession of property by a creditor constituted an "act" within the meaning of 11 U.S.C. § 362(a)(3). The City asserts the interpretation of "act" that the opinion set forth with regards to 11 U.S.C. § 362(a)(3) also applies to the meaning of "act" with regards to 11 U.S.C. § 362(b)(3). The latter provision states that the automatic stay does not apply to "any act to perfect, or to maintain or continue the perfection of, an interest in property." 11 U.S.C. § 362(b)(3). The City argues that "act" as applied in one provision means the same as "act" applied in the other. There is no act of the City needed to perfect its lien now.
The City, crucially, assumes that because the two statutes use the word "act," their application must also be the same. This is clearly incorrect. The first provision, 11 U.S.C. § 362(a)(3), deals with the imposition of the automatic stay upon all property in which the debtor or their estate may have an interest. The scope of that provision is broad and it "automatically stays a wide array of ... proceedings against the debtor and his property." Pa. Dep't of Pub. Welfare v. Davenport , 495 U.S. 552, 560, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), which clearly includes holding on to possession of debtor's property. Conversely, 11 U.S.C. § 362(b)(3) is simply a narrow exception to the automatic stay allowing a creditor to perfect or maintain perfection of its lien by some "act" (not "act or omission") during the pendency of a bankruptcy case. The City's assertion that because the two provisions share the language of "act" the word means the same in both parts of the Bankruptcy Code wholly ignores the distinct context and purpose of the statutes. While the application of 11 U.S.C. § 362(a)(3) is meant to broadly protect any assets of the estate in which the debtor may have an interest, 11 U.S.C.§ 362(b)(3) is meant only to protect a very particular set of creditors. The City's entire argument springs forth from this erroneous line of reasoning leading it to contest that the bankruptcy stay does not apply to it as Thompson said it applies. It is that fatal error which compels the denial of their stay pending appeal.
DISCUSSION
The City of Chicago has not met its "heavy burden of showing not only that the judgment...was erroneous on the merits, but also that the applicant will suffer irreparable injury," absent a stay. Nken v. Holder , 556 U.S. 418, 439, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009). It also does not satisfy the third and fourth factors of the test described by the Seventh Circuit panel in Matter of Forty-Eight Insulations .
First, the City is unlikely to succeed on the merits. As the memorandum opinion [Dkt. No. 39] explained at length, the City has failed to meet the procedural burden imposed upon it by Thompson v. Gen. Motors Acceptance Corp., LLC , 566 F.3d 699 (7th Cir. 2009) as to autos seized prebankruptcy once bankruptcy is filed. The crux of the City's assertion that it does not need to comply with the *837 Thompson decision is that because it has an exception to the stay pursuant to 11 U.S.C. § 362(b)(3), and it does not need to request a modification of the stay or any other procedural relief because the exception applies automatically. Thus, the City contends it is not required to take any action once the bankruptcy is commenced. The City asserts that because the Seventh Circuit held mere possession of a Debtor's vehicle violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3), mere possession of the vehicle must be enough to satisfy the requirements of maintaining perfection pursuant to 11 U.S.C. § 362(b)(3). Thompson v. Gen. Motors Acceptance Corp., LLC , 566 F.3d 699, 703 (7th Cir. 2009). The City argues that the meaning of "any act" between these two provisions cannot be any different. However, the City ignores the unique purposes behind each of these provisions. The purpose of 11 U.S.C. § 362(a)(3) is to prevent creditors from performing, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The objective is clearly to ensure that property in which the debtor has an interest remains within the estate. Conversely, 11 U.S.C. § 362(b)(3) clearly protects creditors, but only in circumstances where they already have a valid, perfected interest in the property and have performed some action in order to maintain that perfection. It is quite clear that the scope of § 362(b)(3) is narrow compared to the scope of § 362(a)(3). Therefore, a narrower application of the phrase "any act" is required.
When the exception to the stay of 11 U.S.C. § 362(b)(3) is construed narrowly, it is incumbent upon the City, once a debtor has made the request, to turnover the vehicle or initiate a proceeding to show why it should not be required to do so. A debtor must be allowed to offer an alternative lien to the City in her Chapter 13 plan. The City has been derelict in performing any of these actions during the four months since this bankruptcy was filed. The City's assertion that rulings from other circuits serve as a basis for likelihood that the Seventh Circuit will agree with its position on Thompson is without merit. Indeed, one of the cases that the City relies on for that assertion, WD Equip., LLC v. Cowen , 849 F.3d 943, 948 (10th Cir. 2017), acknowledges that the Seventh Circuit panel's holding in Thompson is the Circuit rule. There is no reason to believe that, upon appeal, Thompson will be reconsidered in any meaningful way. Moreover, whether the City has a valid possessory lien, and whether such lien is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(3) is highly questionable. In re Howard , 584 B.R. 252 (Bankr. N.D. Ill. 2018).
Additionally, as Debtor has correctly pointed out, the City cannot now raise the issue of whether its retention of the vehicle is additionally excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4). As a Seventh Circuit panel stated, "it is well established that a party waives the right to argue an issue on appeal if he failed to raise that issue before the lower court." Christmas v. Sanders , 759 F.2d 1284, 1291 (7th Cir. 1985) ; Towle v. Pullen , 238 F. 107, 111 (7th Cir. 1916) ; Fednav Int'l v. Cont'l Ins. , 624 F.3d 834, 841 (7th Cir. 2010) ("A party 'waive[s] the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms."). While the City did make a reference to its dangerous driver statute in its briefs, it did not attempt to argue that in this case Debtor is such a driver. The City never requested a hearing regarding the dangerous nature of Debtor's *838 driving. The City cannot now assert it is excepted from the stay pursuant to 11 U.S.C. § 362(b)(4) because it did not do so before the opinion was issued.
It is likely that the City will be held responsible to comply with turnover. The City's argument that the automatic stay does not bind it is weak at best. Given the number of legal issues raised regarding the City's postpetition possession of Debtor's vehicle, it is unlikely that the City will succeed on appeal.
Second, there is no evidence that the City will suffer irreparable harm absent a stay pending appeal. Should the City wish to retain possession of the vehicle, it can certainly afford to pay Debtor $100.00 per day in order to ensure she may obtain some other form of transportation. This is a small price to pay, enough to allow Debtor to rent a car, and is justified by the difficulty imposed upon the Debtor. Should the City choose not to retain possession of the vehicle, it may return it to Debtor and it will not be required to pay anything. The City's contention that Debtor is likely simply to dismiss her bankruptcy case and abscond with the vehicle is unlikely. Debtor is employed and needs the auto to get to work. Overall, no great harm will come to the City if it is required to comply with the order.
Third, a stay will clearly harm Debtor. As discussed above, Debtor requires the vehicle to earn a living and make payments on her Chapter 13 plan.
Fourth, the City is engaged in wholesale disregard of Thompson to the harm of many debtors who are crippled by lack of transportation. The public interest demands obedience to the Bankruptcy Code as it is federal law protected by the Constitution's Supremacy Clause. U.S. CONST. , art. VI, cl. 2.
CONCLUSION
For the foregoing reasons, the City's Motion for Stay Pending Appeal is hereby denied.