**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 14, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1770

| | |
|---|---|
| KEVIN X. MCWILLIAMS, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 C 3902 |
| CITY OF CHICAGO, et al., <br> *Defendants-Appellees*. | Jorge L. Alonso, *Judge*. |

**O R D E R**

Kevin McWilliams was arrested and criminally charged for carrying brass knuckles. After a court suppressed the evidence of the brass knuckles, the prosecutor dismissed the charges through a nolle prosequi motion. McWilliams then sued the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

arresting officers and the City of Chicago for unlawful pretrial detention under the Fourth Amendment and malicious prosecution under Illinois tort law. The district court entered summary judgment for the defendants, concluding that, although the officers illegally searched McWilliams, they had probable cause to arrest him, and that his malicious-prosecution claim failed for the additional reason that he lacked evidence showing the prosecution ceased for a reason that implies his innocence. We affirm.

We recount the summary-judgment record in the light most favorable to McWilliams, noting disputed facts where relevant. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 877 (7th Cir. 2018). McWilliams was sitting in a parked car when the defendant police officers approached because the car was too far from the curb—something he disputes. After directing McWilliams to get out of the car, the officers patted him down and found brass knuckles in his pockets. The arrest reports states that the officers spotted one half of the pair of brass knuckles in plain view on McWilliams's lap as they approached and found the other half in McWilliams's pocket. McWilliams maintains that both halves were in his pockets until he was searched, which the defendants have not disputed in this case. After verifying that McWilliams was previously convicted of armed robbery, the officers arrested him for possessing metal knuckles, a felony in Illinois for those with a prior felony conviction. *See* 720 ILCS 5/24-1(a)(1); 720 ILCS 5/24-1.1(a), (e).

McWilliams spent the night in jail. He was released on bond the next day but, after violating the conditions of his release, he did not post an increased bond and was sent back to jail on September 17, 2013, to await trial. At a February 2014 pretrial hearing, the Circuit Court of Cook County granted his motion to suppress evidence. It concluded that he was unreasonably searched in violation of the Fourth Amendment, making the brass knuckles found during the search inadmissible. Left with no evidence, the assistant state's attorney moved to dismiss the charges three days later, and the court entered a nolle prosequi order. McWilliams's traffic ticket for parking more than 12 inches from the curb was also dropped.

McWilliams then sued the City of Chicago and the arresting officers. In the operative second amended complaint, he brought claims against the defendants under 42 U.S.C. § 1983 for seizing him without probable cause and under Illinois tort law for maliciously prosecuting him based on fabricated evidence (an allegedly false report stating that McWilliams's car was obstructing traffic and that officers observed brass knuckles in plain view). Though, at first, he styled the former count as a due-process claim, the Supreme Court later held that all claims of unlawful pretrial detention,

whether before or after the start of legal process, arise under the Fourth Amendment. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017). At summary judgment, McWilliams affirmed that his first count presents "a pre-trial wrongful detention claim based on evidence fabrication under the Fourth Amendment."

The defendants moved for summary judgment based on the statute of limitations and the merits. After determining that McWilliams's claims were not time-barred, the district court concluded that the existence of probable cause defeated both claims as a matter of law. Probable cause rested on the undisputed evidence that McWilliams possessed brass knuckles, which the court concluded it could rely upon because the exclusionary rule does not apply in civil cases. Further, regarding the malicious-prosecution claim, the court determined that McWilliams failed to show, as required by Illinois law, that his charges were dismissed for reasons suggesting his innocence.

On appeal, McWilliams argues that the defendants were not entitled to summary judgment on either claim. We review the district court's decision de novo. *Young v. City of Chicago*, 987 F.3d 641, 643 (7th Cir. 2021).

In support of his claim that he was unreasonably seized and detained, McWilliams contends that the officers lacked probable cause to "approach" him because he was parked legally and did not have brass knuckles on his lap, and so their subsequent actions were unlawful. Alternatively, he contends that the officers could not have had probable cause for the arrest because they placed him under arrest before they found the brass knuckles while searching him. Neither argument is persuasive.

First, his unlawful-detention claim cannot rest on either the officers' approach or the search. The officers did not need probable cause to "approach" McWilliams and question him. *See Illinois v. Lidster*, 540 U.S. 419, 425 (2004). And the unlawfulness of the search does not matter to his unlawful-detention claim; we may consider the brass knuckles because the exclusionary rule does not apply in civil cases. *See Martin v. Marinez*, 934 F.3d 594, 598 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 1115 (2020). Once the officers discovered that McWilliams possessed brass knuckles, which is always at least a misdemeanor in Illinois, *see* 720 ILCS 5/24-l(a)(l), they had probable cause to arrest him. Probable cause, in turn, acts as an absolute bar to a claim of unreasonable seizure under the Fourth Amendment (made applicable to the States by the Fourteenth Amendment). *See id.* (evidence recovered after unlawful traffic stop could still form the basis for probable cause to foreclose plaintiff's false-arrest claim).

Second, we place little stock in McWilliams's contention—new on appeal—that the brass knuckles could not have supplied probable cause because the officers arrested him before searching him. His complaint told another story: that he was directed to exit his vehicle and "submit to a search," then "detained" while "a search was conducted," and "following the aforesaid search, [he] was placed under arrest." He did not argue otherwise in response to the summary-judgment motion, let alone provide evidence that his detention ripened into an arrest before the officers discovered the brass knuckles, so his argument is waived on appeal. *See Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010).

McWilliams also argues that collateral estoppel precluded any finding that the officers had probable cause to arrest. According to McWilliams, the state court decided that issue when it granted his "motion to quash arrest and suppress evidence."

But the pretrial ruling in his criminal case did not resolve an issue identical to the one here, so collateral estoppel does not apply. *See Bajwa v. Metro. Life Ins. Co.*, 804 N.E.2d 519, 532 (Ill. 2004). Illinois courts have clarified that the misnamed "motion to quash arrest" is nowhere recognized in the Illinois Code of Criminal Procedure, and that there is only a "motion to suppress evidence." *People v. Ramirez*, 996 N.E.2d 1227, 1234–35 (Ill. App. 2013). This means that criminal courts suppress evidence obtained from unlawful searches but do not declare the resulting arrests void. *See People v. Hansen*, 968 N.E.2d 164 (Ill. App. 2012). The circuit court therefore made no ruling on when or whether the officers had probable cause to arrest McWilliams.

Next, McWilliams argues that his malicious-prosecution claim should have survived summary judgment because, contrary to the district court's ruling, his criminal prosecution was terminated in his favor. Under Illinois law, to show that the nolle prosequi order was a favorable termination, McWilliams must demonstrate that it was entered for reasons indicative of his innocence. *See Deng v. Sears, Roebuck & Co.*, 552 F.3d 574, 576 (7th Cir. 2009). He rightly asserts that the prosecutor could not proceed without admissible evidence of his guilt, but a decision not to prosecute because of the impossibility or impracticability of bringing the accused to trial does not speak to innocence. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1243 (Ill. 1996). Further, before the charges were dropped, McWilliams testified at the suppression hearing that he had brass knuckles, and his status as a felon is not disputed; he effectively conceded that he was not innocent, even if the State could not prove it in court.

McWilliams also tries to parlay a clerical error on a document in his state-court file into proof of his innocence. An order relating to his bond stated that he was charged with possessing a firearm. He reasons that the charge must have been dropped because he was innocent of it. But the record shows that there was no such "charge" filed; he was charged with and prosecuted for possession of the brass knuckles, something that was clarified repeatedly in court and acknowledged by McWilliams.

In any event, McWilliams's claim also fails because probable cause to prosecute is a complete defense to malicious prosecution. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). We are not bound by the exclusionary rule here, either, *see Gauger v. Hendle*, 954 N.E.2d 307, 332 (Ill. App. 2011), so probable cause to prosecute McWilliams existed because he indisputably had brass knuckles in his possession, and the defendants confirmed that he had prior felony convictions.

Lastly, McWilliams asserts liability against the City of Chicago on the theory that the City is responsible for the actions of its officers. But a municipality cannot be held liable under § 1983 for the actions of its employees. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021). McWilliams does not appear to rely on a *Monell* theory, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), but we note for completeness that he did not show the arresting officers acted according to an express or de facto municipal policy. *See id.* at 691. For purposes of the malicious-prosecution claim, the fact that the defendant officers are not liable forecloses municipal liability under Illinois law. *See* 745 ILCS 10/2-109.

We have considered McWilliams's other arguments, and none has merit.

AFFIRMED