In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-2195

DUSTAN DOBBS,

*Plaintiff-Appellant*,

*v.*

DEPUY ORTHOPAEDICS, INC., et al.,

*Defendants*,

*v.*

GEORGE E. MCLAUGHLIN, on behalf of JOHN GEHLHAUSEN,
P.C., on behalf of ANTHONY G. ARGEROS, P.C.,

*Appellee*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 cv 8032 — **Sharon Johnson Coleman**, *Judge*.

———————————

ARGUED JANUARY 9, 2018 — DECIDED MARCH 13, 2018

———————————

Before FLAUM, KANNE, and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. George McLaughlin represented
Dustan Dobbs in a products liability suit against DePuy Or-
thopaedics. After DePuy offered to settle the suit, but a few

months before Dobbs accepted that offer, Dobbs terminated the representation contract and removed McLaughlin as counsel. Now, McLaughlin seeks attorneys' fees in *quantum meruit* for the services he and his cocounsel, Anthony Argeros, rendered in Dobbs's case. He brought this action on his own behalf, on behalf of his employer at the time he took Dobbs's case, and on behalf of Anthony Argeros's estate.

In a previous appeal, we vacated a fee award to McLaughlin because the district court did not adequately address all the requisite *quantum meruit* factors. On remand, the district court evaluated each factor and awarded McLaughlin $87,500. For the reasons that follow, we affirm that award.

## I. BACKGROUND

In August 2012, Dustan Dobbs hired George McLaughlin (who was at that time employed at John Gelhausen, P.C.) and Anthony Argeros to represent him in a products liability suit against DePuy. The attorneys took Dobbs's case on a 35% contingency fee agreement. Two days after retention, McLaughlin and Argeros filed Dobbs's complaint in the DePuy ASR Hip Implant Multidistrict Litigation in the Northern District of Ohio.

A year later, DePuy proposed a settlement, offering parties represented by counsel on a certain date $250,000 and parties not represented on that date $177,500. Dobbs told his attorneys that he wanted to receive information about the settlement but didn't want to actually settle. McLaughlin advised Dobbs to accept the settlement due to the costs of going to trial. Frustrated because he felt McLaughlin was trying to force him to settle his case, Dobbs filed a motion to remove

McLaughlin as his counsel on October 17, 2014.[1] McLaughlin moved to withdraw on December 30, 2014, which was granted on January 8, 2015, leaving Dobbs unrepresented.

Thereafter, in February 2015, Dobbs ultimately decided to accept the settlement offer. Though he was unrepresented at the time that he accepted the settlement, he was considered a represented party under the settlement terms, entitling him to a base award of $250,000.

Because Dobbs terminated his contract with McLaughlin before accepting the settlement, McLaughlin could not recover under the contingency fee agreement. So McLaughlin asserted a lien on Dobbs's settlement award and sought attorneys' fees under *quantum meruit*. The fee dispute was transferred from the multidistrict litigation's venue to the Northern District of Illinois. There, the district court awarded McLaughlin 35% of Dobbs's base settlement award, or $87,500. Dobbs appealed.

In December 2016, we held that the district court abused its discretion in granting McLaughlin $87,500 because the court did not adequately address the necessary *quantum meruit* factors. We made clear, though, that our decision did not address the substantive reasonableness of the award: the court could award the same sum on remand so long as it adequately addressed the requisite factors.

On remand, the district court considered evidence from the parties, addressed each *quantum meruit* factor, and again

---

[1] Argeros died during the course of the representation, and McLaughlin left John Gehlhausen, P.C. Both Argeros's estate and Gehlhausen, P.C. remain entitled to a portion of any attorneys' fees McLaughlin receives.

awarded McLaughlin $87,500. Dobbs appeals this second decision, and we review it again for an abuse of discretion. *See Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048, 1050 (7th Cir. 2016) (noting that, because the district court that awarded the attorneys' fees was not the same court that presided over the relevant litigation, the abuse of discretion standard required the district court that awarded the attorneys' fees to engage in an adequate discussion of the relevant factors).

## II. ANALYSIS

We apply state law to determine whether the district court's award of attorneys' fees is reasonable. *See Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010). As we noted in Dobbs's prior appeal, Illinois law applies. *See Dobbs*, 842 F.3d at 1049.

When a client fires an attorney who was retained on a contingency fee contract, that contract ceases to be effective and the attorney can no longer recover under it. *See Thompson v. Buncik*, 961 N.E.2d 280, 283 (Ill. App. Ct. 2011). But the discharged attorney can recover a reasonable sum for services rendered based on *quantum meruit* ("as much as he deserves"). *Id.* When determining a reasonable fee for services rendered, Illinois courts consider "the time and labor required, the attorney's skill and standing, the nature of the cause, the novelty and difficulty of the subject matter, the attorney's degree of responsibility in managing the case, the usual and customary charge for that type of work in the community, and the benefits resulting to the client." *Will v. Nw. Univ.*, 881 N.E.2d 481, 504–05 (Ill. App. Ct. 2007).

On remand, the district court took and considered evidence related to these factors, engaged in a thorough discussion of them, and determined that McLaughlin was entitled to $87,500 in *quantum meruit*—a sum equal to the full contingency fee for Dobbs's base settlement award. That determination was not an abuse of discretion, and we are unpersuaded by Dobbs's arguments that it was.

Dobbs first insists that the law precludes an attorney from recovering any amount of fees—even in *quantum meruit*—when the attorney breaches a contract or a fiduciary duty, or when the contingency fee contract violates ethics rules. He believes that all three occurred here, and that the district court thus abused its discretion in awarding McLaughlin a fee at all. But Dobbs raised this issue in his first appeal, and we implicitly rejected it. "[O]nce an appellate court either expressly or by necessary implication decides an issue, the decision [is] binding upon all subsequent proceedings in the same case" under the law-of-the-case doctrine. *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991); *see also United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) ("The Court's silence on an issue raised on appeal means 'it is not available for consideration on remand.'" (quoting *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002))).

Next, Dobbs argues that the district court abused its discretion on remand because it relied on clearly erroneous factual findings in its analysis of Illinois's *quantum meruit* factors. Indeed, a district court abuses its discretion when it bases its decision upon clearly erroneous factual findings. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). But the presence of some factual errors in a district court's findings are not a ground for reversal if "there is enough evidence to support

the judge's conclusions" and "his findings … do not reflect so fundamental or pervasive a confusion as to invalidate his conclusions." *Kwasny v. United States*, 823 F.2d 194, 196 (7th Cir. 1987); *see also* Fed. R. Civ. P. 61.

After reviewing the district court's order and the evidence in the record, we conclude that the district court had ample support for its decision to award McLaughlin $87,500. Even accepting Dobbs's argument that some factual findings were clearly erroneous, there are a number of factual findings in the district court's analysis that are not. Those alone are sufficient to justify its award, and we briefly summarize them below. To the extent that Dobbs has challenged some of the findings we have included in this summary, we are not left with a definite and firm conviction that the district court made a mistake in including them in its analysis. *See Hernandez v. Cardoso*, 844 F.3d 692, 695 (7th Cir. 2016).

*Time and Labor Required*. McLaughlin and Argeros each worked approximately 25 hours from retention to discharge, and the staff of McLaughlin's firm worked 102.6 hours. In that time, the attorneys prepared and filed the complaint two days after retention and took all the steps necessary to participate in the multidistrict litigation. *See Dobbs v. DePuy Orthopaedics, Inc.*, No. 15 cv 8032, 2017 WL 4572497, at *3 (N.D. Ill. May 9, 2017) (detailing those steps necessary for participation).

*Attorney's Skill and Standing*. McLaughlin is highly qualified, and the district court's findings on this point are uncontested. (Appellant's Br. at 24.) *See also Dobbs*, 2017 WL 4572497, at *3 (detailing McLaughlin's skill and standing).

*Nature of the Cause and Novelty and Difficulty of the Matter*. The attorneys were hired to prepare for and participate in a

complex products liability matter, which was part of a multi-district litigation with its own set of rules and procedures.

*Attorneys' Responsibility*. "McLaughlin and Argeros, prior to his death, were responsible for all aspects of the representation as lead counsel." *Id.*

*The Usual and Customary Charge*.[2] McLaughlin attested that a 40% contingency fee agreement is the usual and customary charge in the community for a complex products liability case. "The typical contingent fee is between 33 and 40 percent," *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998), and Dobbs's agreement with McLaughlin was for 35%. Moreover, in this particular products liability action, represented parties were entitled to $250,000 while unrepresented parties received $177,500 (and had to pay common benefit fees).

*The Benefit to the Client*. All that remained for Dobbs to do to accept a $250,000 base settlement award, rather than the $177,500 awarded to unrepresented parties, at the time he terminated McLaughlin as counsel was to complete the online enrollment form. He did so shortly after terminating McLaughlin. Moreover, McLaughlin counseled him on both settlement and trial, advising him to settle because of the costs of litigation.

In light of these findings, the district court appropriately concluded that the *quantum meruit* factors weighed in favor of

---

[2] Dobbs argues that courts must use the lodestar method in analyzing this factor, multiplying the reasonable number of hours by the market rate. But Dobbs points to no Illinois case employing the lodestar method in a *quantum meruit*, contingency-fee case like the one here, let alone one requiring it. Thus, he has failed to show that the court abused its discretion by not employing the lodestar method here.

awarding McLaughlin the entire contract fee as the reasonable value of services rendered. *See Will*, 881 N.E.2d at 505 (When an attorney has done much of the work but is fired immediately before a settlement, the *quantum meruit* factors may "justify a finding that the entire contract fee is the reasonable value of services rendered." (quoting *Wegner v. Arnold*, 713 N.E.2d 247, 250 (Ill. App. Ct. 1999))).

### III. CONCLUSION

When we remanded this case, we expected the district court to assure us that it had considered all of the relevant evidence and engaged in a thoughtful analysis of those factors required by Illinois law, particularly because it was not the court that presided over the underlying litigation. On remand, it did so.

AFFIRMED.