NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 11, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1512

| | |
|---|---|
| KEVIN A. WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:13-cv-01187 |
| | |
| ROBERT SNYDER, | James E. Shadid, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Nearly a decade ago, Kevin Williams ordered a death certificate while in prison to use in his post-conviction petition. Officer Robert Snyder told Williams that he could not receive the certificate, which was that of his murder victim. Williams sued corrections officers and lost at summary judgment, but we rejected Snyder's defense of qualified immunity and allowed a claim against him to proceed. *Williams v. Hansen*, 837

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

F.3d 809 (7th Cir. 2016). Six years later, the parties have made depressingly little progress. In the district court, Williams asserted that we erred in remanding only the claim against Snyder, and Snyder argues that he deserves qualified immunity. The district court entered summary judgment for Snyder on qualified-immunity grounds. We again vacate and remand for further proceedings.

We recount the facts in the light most favorable to Williams, the party opposing summary judgment. *Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 643 (7th Cir. 2020). Williams, an Illinois inmate, is in prison for murder. He ordered his victim's death certificate, which he thought supported his post-conviction challenge. Officer Sharon Hansen intercepted the mailing containing the certificate. She also found in the mailing an unsigned note threating that there is "a place in hell" for Williams. Unsure whether to confiscate the certificate, she turned to Robert Snyder, a veteran officer, who asked the prison's office of legal services for advice.

A lawyer for the prison told Snyder that officers may withhold mail from prisoners "if it presents a threat" to safety or security. *See* Ill. Admin. Code tit. 20, § 525.140(g). Counsel also wrote that, in his view, the certificate posed such a threat: "Aside from it negatively impacting the offender's rehabilitation, his possession of it could disrupt maintaining order at the facility." Snyder withheld the certificate, telling Williams that "someone in legal" decided that he could not use it.

Williams sued Snyder, Hansen, and other officers for violating his First Amendment rights by seizing the certificate. In the previous appeal, we ruled that the district court justifiably dismissed those other officers as uninvolved. We also decided that "[s]ummary judgment for defendant Hansen was justified on the same ground." *Williams*, 837 F.3d at 810. But we reinstated the claim against Snyder. We observed that inmates have a First Amendment right to receive mail, which a prison can confiscate only if "some evidence" shows that its penological interests are threatened. *Id.* And, we ruled, the prison had not furnished such evidence. Furthermore, "the prison could have avoided this controversy in the first place by holding on to the death certificate except for the short time needed to include it … in Williams's court filing." *Id.*

We also ruled that "the remaining defendants" (although only Snyder remained) were not entitled to qualified immunity. Snyder had argued that he deserved qualified immunity based on the "extraordinary circumstance" of relying on counsel's advice:

> When Defendants first became aware that Williams was ordering [his
> victim's] death certificate, Snyder sought advice from the Department's

legal counsel concerning how to proceed. Counsel instructed Snyder to confiscate the death certificates, and Snyder promptly communicated that instruction to Hansen. As a consequence, both Defendants acted on advice of the Department's counsel. Seeking advice of counsel in such a situation is another "factor that militates in favor of granting qualified immunity." *Moses* [*v. Martin*], 614 F.3d [707,] 712 [(7th Cir. 2010)].

We rejected the immunity defense. Although we did not specifically discuss the "extraordinary circumstances" argument, we explained that the right of inmates to read mail that is not shown to threaten safety is clearly established. *Id.*

After we remanded, we expected "further proceedings consistent with this opinion." *Id.* This did not happen. In a petition for rehearing, Williams argued that because we used a plural phrase "the remaining defendants," we mistakenly affirmed judgment for Hansen. We denied that petition. Undeterred, in the district court Williams moved to reinstate Hansen, and the court denied that request. And Snyder again sought qualified immunity because he relied on a lawyer's advice. The district court entered summary judgment for Snyder on that ground.

On appeal, the parties maintain these arguments. Williams repeats that our decision left open the possibility that Hansen could remain in the case; therefore, the district court should have reinstated Hansen. Snyder contends that his reliance on counsel entitles him to qualified immunity even if he violated clearly established law.

We first address Williams's argument about Hansen. Under the mandate rule, the district court must "adhere to the commands of a higher court on remand." *Delgado v. U.S. Dep't of Justice,* 979 F.3d 550, 557 (7th Cir. 2020). We previously ruled that "[s]ummary judgment for defendant Hansen was justified." *Williams*, 837 F.3d at 810. Nothing in the record after we remanded warranted departure from this command. As in the earlier appeal, the record indisputably shows that Hansen left the matter to Snyder. The district court, therefore, properly kept Hansen out of the case.

That brings us to Snyder's defense of qualified immunity. The prior panel rejected Snyder's defense, and that should have ended the dispute.[1] Under the law-of-

---

[1] Synder did not file a petition for rehearing or rehearing en banc after the prior panel ruled. Snyder may be able to raise this defense again at a later stage. *See Smith v. Finkley,* 10 F.4th 725, 750 (7th Cir. 2021).

the-case doctrine, appellate rulings control on all issues "either expressly or by necessary implication decided." *Dobbs v. Depuy Orthopedics, Inc.*, 885 F.3d 455, 458 (7th Cir. 2018). Although the prior panel did not expressly discuss the significance of counsel's advice, judicial silence on an issue raised in a prior appeal, as here, prevents courts from reconsidering it on remand. *See United States v. Barnes*, 600 F.3d 1000, 1006 (7th Cir. 2011). By rejecting Snyder's defense, the prior panel necessarily rejected Snyder's argument that his reliance on counsel entitled him to qualified immunity at the summary judgment stage.

We thus repeat that Snyder is not entitled to qualified immunity. We VACATE the judgment and REMAND for further proceedings consistent with this order.